IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **Cheryl J. Stefan,** individually,<br><br>                        Plaintiff,<br><br>    v.<br><br>**Bristol-Myers Squibb Company, Sanofi-Aventis U.S., L.L.C., Sanofi-Aventis, U.S., Inc., and Sanofi-Synthelabo, Inc.,**<br><br>                        Defendants. | Civil Action No. 13-1662-RGA |

MEMORANDUM

Each of the Defendants is organized under the laws of Delaware, and is therefore a citizen of Delaware for purposes of diversity, as well as being a citizen of its principal place of business, either New York or New Jersey. The Plaintiff is not a citizen of Delaware, New York, or New Jersey, and therefore complete diversity exists. Plaintiff brought suit in Delaware Superior Court. Prior to service of process, Defendants removed to this Court.[1] Plaintiff moves for remand based on the "forum defendant" rule.

The "forum defendant rule," 28 U.S.C. § 1441(b), provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because the Defendants were not served, they argue that this statutory bar to removal does not apply and therefore the case was properly removed and should not be remanded to state court.

---

[1] Plaintiff filed the Complaint on October 3, 2013. The notice of removal was filed October 7, 2013.

As an initial matter, the Court notes that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Additionally, if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). Clearly, the law favors remand when there is any doubt as to whether the case should have been removed.

Diversity jurisdiction is intended to prevent the prejudice that an out of state defendant might be subject to when sued in state court. *See Erie RR. Co. v. Tompkins*, 304 U.S. 64, 74 (1938) ("Diversity of citizenship jurisdiction was conferred in order to prevent apprehended discrimination in state courts against those not citizens of the state."). Where defendants are citizens of the forum state, no such prejudice is likely to exist, and so the forum defendant rule bars removal. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

The inclusion of the "properly joined and served" language in § 1441(b) prevents plaintiffs from defeating removal by joining a forum defendant whom they do not intend to serve. *See Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). Here, construing the language of the statute as defendants propose would eviscerate the forum defendant rule and lead to the very gamesmanship the rule was intended to prevent.

In interpreting a statute, the court's function "is to construe the language so as to give effect to the intent of Congress." *U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940). Congress cannot have intended to allow for circumvention of the forum defendant rule by

avoiding or delaying service of process. Indeed, it is unlikely that Congress even thought about this issue when the statute was originally drafted. Prior to the days of electronic docketing, a defendant would likely be unaware of a lawsuit prior to process. There would be no opportunity to remove in order to circumvent the plaintiff's forum choice. This also accords with the general rule that a plaintiff's forum choice is given deference. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 WL 1192641, at *7 (D. Del. May 24, 2004).

Defendants point out that Congress in 2011 amended § 1441(b) but retained the "properly joined and served" language. They argue that the reenactment adopted the judicial interpretation, which they contend is the plain meaning of the statute. Yet Defendants recognize that courts are split on this issue.[2] When the cases send a mixed message, there is no way of knowing which judicial interpretation of the statute Congress intended to adopt. Without more, Congressional intent cannot be reliably divined from changing one part of a statute and leaving another part intact.

Because the language of § 1441(b), interpreted as Defendants suggest, would bring about a nonsensical result that, in my opinion, would indisputably be at odds with the Congressional intent in enacting the forum defendant rule, the Court finds that removal under § 1441(b) was improper. This case is remanded to state court. An appropriate order will be entered.[3]

---

[2] Not only are courts across the nation split, but the District of Delaware is itself split on this issue. *See Laugelle v. Bell Helicopter Textron, Inc.*, 2012 WL 368220 (D. Del. Feb. 2, 2012) (remanding); *Hutchins v. Bayer Corp.*, 2009 WL 192468 (D. Del. Jan. 23, 2009) (recommending that court deny remand); *Munchel v. Wyeth LLC*, 2012 WL 4050072 (D. Del. Sept. 11, 2012) (denying motion to remand).

[3] Given the split in the case law, the Court will exercise its discretion to decline to award attorney's fees and costs to Plaintiff.